UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>          -against-<br><br>SERVICES FOR THE UNDERSERVED, INC., SUS FOUNDATION, INC., SUS - AIDS SERVICES, INC., SUS - DEVELOPMENTAL DISABILITIES SERVICES, INC., SUS - HOME ATTENDANT SERVICES, INC., , SUS - HOME CARE SERVICES INC., , SUS - MENTAL HEALTH PROGRAMS INC. and JEMMA SAVARY, as Administratrix of the Estate of Glendon Young.,<br><br>               Defendants. | 08 CV 02036 (GEL) (DFE)<br><br>ECF CASE<br><br>**ANSWER OF DEFENDANTS SERVICES FOR THE UNDERSERVED, INC., SUS FOUNDATION, INC., SUS - AIDS SERVICES, INC., SUS - DEVELOPMENTAL DISABILITIES SERVICES, INC., SUS - HOME ATTENDANT SERVICES, INC., SUS - HOME CARE SERVICES INC., and SUS - MENTAL HEALTH PROGRAMS INC.** |

      Defendants Services for the Underserved, Inc., SUS Foundation, Inc., SUS - Aids Services, Inc., SUS - Developmental Disabilities Services, Inc., SUS - Home Attendant Services, Inc., SUS - Home Care Services Inc., and SUS - Mental Health Programs Inc. (collectively "Services for the Underserved"), by their attorneys, Manatt, Phelps & Phillips, LLP, for their Answer to the correspondingly numbered paragraphs of the Complaint of Plaintiff Philadelphia Indemnity Insurance Company, alleges as follows:

## NATURE OF THE CASE

    1.    The allegations of paragraph 1 state legal conclusions for which no response is required.

## JURISDICTION AND VENUE

2. Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admits that Plaintiff asserts that this Court has diversity jurisdiction.

3. Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except admits that Plaintiff asserts that the amount in controversy meets the jurisdictional threshhold.

4. Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admits that Plaintiff asserts that venue lies in this District.

## PARTIES

5. Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Services for the Underserved admits the allegations of paragraph 6 of the Complaint.

7. Services for the Underserved admits the allegations of paragraph 7 of the Complaint.

8. Services for the Underserved admits the allegations of paragraph 8 of the Complaint.

9. Services for the Underserved admits the allegations of paragraph 9 of the Complaint.

10. Services for the Underserved admits the allegations of paragraph 10 of the Complaint.

11. Services for the Underserved admits the allegations of paragraph 11 of the Complaint.

12. Services for the Underserved admits the allegations of paragraph 12 of the Complaint.

13. Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

## GENERAL ALLEGATIONS

14. Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.     Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Services for the Underserved admits the allegations contained in paragraph 28 of the Complaint.

29.     Services for the Underserved admits that the allegations contained in paragraph 29 of the Complaint describe a portion of the complaint in <u>Savary v. SUS Foundation, Inc.,</u> (the "Savary Action"), and refers to the complaint in the Savary Action for its full terms and legal effects.

30.     Services for the Underserved admits that the allegations contained in paragraph 30 of the Complaint describe a portion of the Savary Action, and refers to the complaint in the Savary Action for its full terms and legal effects.

31. Services for the Underserved admits that the allegations contained in paragraph 31 of the Complaint describe a portion of the Savary Action, and refers to the complaint in the Savary Action for its full terms and legal effects.

32. Services for the Underserved admits that the allegations contained in paragraph 32 of the Complaint describe a portion of the Savary Action, and refers to the complaint in the Savary Action for its full terms and legal effects.

33. Services for the Underserved admits that the allegations contained in paragraph 33 of the Complaint describe a portion of the Savary Action, and refers to the complaint in the Savary Action for its full terms and legal effects.

34. Services for the Underserved admits that the allegations contained in paragraph 34 of the Complaint describe a portion of the Savary Action, and refers to the complaint in the Savary Action for its full terms and legal effects.

35. Services for the Underserved admits that the allegations contained in paragraph 35 of the Complaint describe a portion of the Savary Action, and refers to the complaint in the Savary Action for its full terms and legal effects.

36. Services for the Underserved admits that the allegations contained in paragraph 36 of the Complaint describe a portion of the Savary Action, and refers to the complaint in the Savary Action for its full terms and legal effects.

37. Services for the Underserved admits that the allegations contained in paragraph 37 of the Complaint describe a portion of the Savary Action, and refers to the complaint in the Savary Action for its full terms and legal effects.

38. Services for the Underserved admits the allegations contained in paragraph 38 of the Complaint.

39. Services for the Underserved denies the allegations contained in paragraph 39 of the Complaint.

40. Services for the Underserved denies knowledge or information sufficient to form a belief as to the truth of the allegations purporting to describe the terms of Services for the Underserved's policy with Plaintiff, and denies the remaining allegations in paragraph 40 of the Complaint.

41. Services for the Underserved denies the allegations contained in paragraph 41 of the Complaint.

42. Services for the Underserved denies the allegations contained in paragraph 42 of the Complaint.

43. The allegations of paragraph 43 state legal conclusions for which no response is required.

44. The allegations of paragraph 44 state legal conclusions for which no response is required.

45. The allegations of paragraph 45 state legal conclusions for which no response is required.

## FIRST CAUSE OF ACTION

46. Services for the Underserved repeats and re-alleges its responses to paragraphs 1 through 45 of the Complaint as its response to paragraph 46.

47. Services for the Underserved denies the allegations contained in paragraph 47 of the Complaint.

## SECOND CAUSE OF ACTION

48. Services for the Underserved repeats and re-alleges its responses to paragraphs 1 through 47 of the Complaint as its response to paragraph 48.

49. Services for the Underserved denies the allegations contained in paragraph 49 of the Complaint.

### THIRD CAUSE OF ACTION

50. Services for the Underserved repeats and re-alleges its responses to paragraphs 1 through 49 of the Complaint as its response to paragraph 50.

51. Services for the Underserved denies the allegations contained in paragraph 51 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. This Court lacks subject matter jurisdiction because, upon information and belief, the amount in controversy is less than $75,000, exclusive of interest and costs.

### SECOND AFFIRMATIVE DEFENSE

2. Services for the Underserved gave timely notice and complied with the Policy by notifying Plaintiff as soon as it learned of the potential claim.

3. By reason of the above, Plaintiff must indemnify and defend Services for the Underserved in connection with the Savary Action in accordance with the Policy.

### THIRD AFFIRMATIVE DEFENSE

4. Even if Services for the Underserved did not provide timely notice, Plaintiff suffered no prejudice by the alleged delay in providing notice, because it learned of the accident in time to investigate and defend the claim and well before the Savary Action was filed.

5. By reason of the above, Plaintiff must indemnify and defend Services for the Underserved in connection with the Savary Action in accordance with the provisions of the Policy.

## **FOURTH AFFIRMATIVE DEFENSE**

6.      Even if Plaintiff has no duty to indemnify Services for the Underserved, Plaintiff has a duty to defend Services for the Underserved.

7.      By reason of the above, Plaintiff must defend Services for the Underserved in connection with the Savary Action in accordance with the provisions of the Policy.

WHEREFORE, Services for the Underserved demands judgment dismissing the Complaint, together with the costs and disbursements of this action and such other and further relief as this Court deems just, proper and equitable.

| | |
|---|---|
| Dated: New York, New York.<br>         May 5, 2008 | Respectfully submitted,<br><br>Manatt, Phelps & Phillips, LLP<br>7 Times Square<br>New York, NY  10036<br>(212) 790-4500<br><br><br>By:      s/ Ronald G. Blum<br>         Ronald G. Blum (RGB-5277)<br><br>*Attorneys for Defendants Services For The Underserved, Inc., Sus Foundation, Inc., Sus - Aids Services, Inc., Sus - Developmental Disabilities Services, Inc., Sus - Home Attendant Services, Inc., Sus - Home Care Services Inc., and Sus - Mental Health Programs Inc.* |

Of Counsel:
Kathleen R. Johnson, Esq. (not yet admitted in
the Southern District of New York)


80422272.3