**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
PHILADELPHIA INDEMNITY         :  **08 CV 02036 (GEL) (DFE)**
INSURANCE COMPANY              :
                               :
            Plaintiff,         :  **ANSWER TO COMPLAINT**
                               :
      against                  :
                               :
SERVICES FOR THE UNDERSERVED, INC., :
SUS FOUNDATION, INC., SUS-AIDS :
SERVICES, INC., SUS-DEVELOPMENTAL :
DISABILITIES SERVICES, INC, SUS-HOME :
ATTENDANT SERVICES, INC., SUS-HOME :
CARE SERVICES, INC., SUS-MENTAL :
HEALTH PROGRAMS, INC. and JEMMA :
SAVARY, as the Administratrix of the :
Estate of Glendon Young        :
                               :
            Defendant(s).      :
------------------------------------X

Defendant Jemma Savary, as Administratrix of the Estate of Glendon Young, by her attorneys, NNEBE & NNEBE, for her Answer to the Complaint, respectfully allege, upon information and belief, as follows:

1.  Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

2.  Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to bring this action and to invoke the Court's jurisdiction as stated therein.

3.  Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to proceed as

stated therein.

4. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to bring this action and to invoke the Court's jurisdiction as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "6", "7", "8", "9","10", "11", and "12" of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except admit that defendant Jemma Savary resides in the State of New York and is the Administratrix of the Estate of Glendon Young.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", and "27" of the Complaint.

9. Admit the allegations set forth in paragraphs "28", "29", "30", "31", "32", "33", "34", "35", "36", and "37" of the Complaint.

10. Deny knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph "38", "39", and "40", of the Complaint. In further answer thereto, states that defendant Jemma Savary gave notice to plaintiff immediately upon becoming aware of the existence of the coverage and of plaintiff's identity.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint, except admit that Mr. Young's fall resulted in his death.

12. Deny the allegations set forth in paragraphs "42", "43", "44", and "45" of the Complaint.

13. Deny the allegations set forth in paragraph "46" and "47" of the Complaint.

14. Deny the allegations set forth in paragraph "48" and "49" of the Complaint.

15. Deny the allegations set forth in paragraph "50" and "51" of the Complaint.

**AS AN FOR A FIRST AFFIRMATIVE DEFENSE**

16. The Complaint fails to state a claim upon which relief can be granted.

**AS AN FOR A SECOND AFFIRMATIVE DEFENSE**

17. Upon information and belief, the plaintiff was informed of Mr. Young's fall immediately thereafter.

18. Within Five days of Mr. Young's fall, defendant Jemma

Savary (hereinafter, "Savary") contacted defendants SUS Foundation, Inc., SUS-Aids services, Inc., SUS-Developmental Disability Services, Inc., SUS-Home Attendant Services, Inc., SUS- Mental Health Programs, Inc. (hereinafter, collectively "SUS") and requested to be provided with the insurer's identity and information.

19. Within five days after Mr. Young's fall, Savary requested to view the surveillance camera of Mr. Young's fall which SUS employees informed her was fully caught on camera.

20. SUS informed Savary that the insurer's identity and information will be provided to her and that she will be allowed to view the surveillance tapes.

21. About four days thereafter, SUS informed Savary that the insurer has been notified of Mr. Young's fall and that the insurer will be contacting Savary; however, that she will not be allowed to view the surveillance tapes unless and until permitted by the insurer.

22. Savary was not contacted by the insurer as promised and was not able, despite diligent efforts, to ascertain the existence of the policy or of the identity of the insurer. SUS recently informed Savary that the surveillance tapes have been destroyed.

**AS AN FOR A THIRD AFFIRMATIVE DEFENSE**

23. The contract of insurance between the plaintiff and

4

SUS was made for the benefit of the decedent Mr. Young, the injured third party.  Mr. Young died on April 21, 2007 and Letters of Administration appointing Savary as Administratrix of his estate was granted on August 21, 2007.

24.  The failure of SUS to give timely notice of the fall, if any, did not prevent Mr. Young from seeking recovery from the plaintiff. SUS refused and/or neglected to provide Savary with plaintiff's information to enable her give notice to plaintiff. Defendant Savary was only apprised of the plaintiff's information (and the existence of the policy) by a letter from Marshall, Conway, Wright & Bradley.

25.  The alleged failure, if any, to timely notify the plaintiff of Mr. Young's fall as required by the contract was not the fault of the injured Mr. Young, who was unconscious from the date of the accident; was informed that the insurer has been notified; and who will suffer prejudice for the alleged omissions of SUS.

26.  Defendant Savary, on behalf of the injured (now decedent) Mr. Young proceeded diligently to ascertain the existence of coverage and the identity of the insurer; and as the Administratrix to give required notice to the plaintiff, and thus should not be charged with any delay on the part of SUS.

27.  Defendant Savary became aware of the existence of the coverage and the identity of the insurer through a letter from

Marshall, Conway, Wright & Bradley, and promptly gave notice to the plaintiff.

28. Because Savary proceeded diligently to ascertain the existence of coverage and to give required notice to the plaintiff, she should not be charged with any delay on the part of SUS to give timely notice of Mr. Young's fall.

29. Pursuant to N.Y. Insurance Law, § 3420, defendant Savary's right to seek recovery from the plaintiff for judgment recovered in the underlying action is not precluded.

**AS AN FOR A FOURTH AFFIRMATIVE DEFENSE**

30. The Underlying Complaint does not bring the claim solely and entirely within the policy exclusions, and are subject to other interpretation.

**AS AN FOR A FIFTH AFFIRMATIVE DEFENSE**

31. The plaintiff failed to give timely notice of disclaimer after it first learnt of Mr. Young's fall or of the grounds for disclaimer or denial of liability.

**AS AN FOR A SIXTH AFFIRMATIVE DEFENSE**

32. SUS had a good faith belief that it will not be held liable for Mr. Young's fall and so was not obligated to inform the plaintiff at the time of the fall, and its failure to give the timely notice, if any, did not prejudice the plaintiff.

**AS AN FOR A SEVENTH AFFIRMATIVE DEFENSE**

33. Based upon the circumstance, SUS notice to the

plaintiff of Mr. Young's fall is not untimely.

**WHEREFORE**, defendant Jemma Savary request judgment dismissing the Complaint in its entirety, together with costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Defendant Jemma Savary demands trial by jury of all issue so triable in this case.

Dated: Brooklyn, New York
      July 19, 2008

                    /s/O. Valentine Nnebe___
                    O. Valentine Nnebe (ON 6147)

                    **NNEBE & NNEBE**
                    255 Livingston Street, 4th Floor
                    Brooklyn, NY 11217
                    Phone: (718) 874-6421
                    Fax: (718) 502-9953

                    Attorneys for defendant
                    Jemma Savary

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2008 a copy of the foregoing was served upon plaintiff's counsel, Christopher T. Bradley, Esq., of Marshall, Conway, Wright & Bradley, P.C., 116 John Street, New York, NY 10038 by ECF.

/s/O. Valentine Nnebe_
O. Valentine Nnebe, Esq.